IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CARL G. LOFVANDER AHSLUND, | § | |
| *Debtor.* | § | Adv. Case No._____ |
| | § | |
| _____ | § | CASE NO. 4:21-bk-40747 |
| | § | |
| METRO WOODWARD, LLC, | § | Chapter 7 |
| *Plaintiff.* | § | |
| v. | § | ADVERSARY COMPLAINT |
| | § | OBJECTING TO ENTRY OF |
| | § | DISCHARGE PURSUANT TO |
| CARL G. LOFVANDER AHSLUND, | § | 11 U.S.C §§ 727(a)(2) and (4) |
| *Defendant* | § | |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

**COMES NOW,** Metro Woodward, LLC, Plaintiff and Creditor of the above-named debtor, Carl G. Lofvander Ahslund, and hereby objects to the entry of discharge in the above-captioned and above-titled bankruptcy case pursuant to 11 U.S.C. § 727(a)(2) and (4) and Rule 4004 of the Federal Rules of Bankruptcy Procedure, and alleges the following:

### I.  INTRODUCTION

1. This is an action to object to the entry of discharge in the chapter 7 bankruptcy case of Debtor/Defendant Carl G. Lofvander Ahslund, case number 4:21-bk-40747, pending in the United State Bankruptcy Court, Easter District of Texas, Sherman Division.

2. Defendant is not eligible for discharge as a debtor in his bankruptcy case pursuant to 11 U.S.C. §§ 727(a)(2) and (4).

### II.  JURISDICTION

3. This Court has jurisdiction over this adversary proceeding under 11 U.S.C. § 727.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

### III.  VENUE

5.  Venue is proper under 28 U.S.C. § 1409.

### IV. PARTIES

6.  Plaintiff Metro Woodward, LLC is a Michigan limited liability company.

7.  Defendant Carl G. Lofvander Ahslund is an individual who resides in Denton County, Texas.

### V.  FACTUAL ALLEGATIONS

8.  On May 18, 2021, the Petition Date, Defendant filed a voluntary petition for relief under chapter 7, Title 11 of the United States Code under case number 4:21-bk-40747 in the Eastern District of Texas Bankruptcy Court, Sherman Division.

9.  On pages 47 and 48 of his bankruptcy petition, Defendant represented that he was unemployed on the Petition Date, that he had previously been receiving unemployment benefits, and that post-filing he would begin a job consulting. Defendant declared under penalty of perjury that these representations were true and correct.

10.  Defendant's representations made in his bankruptcy petition and schedules concerning his employment or lack thereof are seemingly in conflict with the public record and with Defendant's testimony he provided at the § 341 meeting of creditors. In February 2020, Defendant was serving as a director of a Texas corporation called *Open Infra, Inc.* Defendant's employment background is in the telecom industry. Open Infra, Inc. is in the telecom business and has recently been laying fiber optic cable in north Texas. On October 14, 2020, Open Infra, Inc. filed a *Competitive Local Exchange Carriers* (CLEC) Report with the Texas Public Utilities Commission (PUC). In the company's October 14, 2020 CLEC Report, Defendant was disclosed as the company's President and CEO. In early September 2020, and in PUC filings, Debtor

represented under oath that he was the President and CEO of Open Infa, Inc. On April 15, 2021—only one month prior to the Petition Date—Defendant was using his personal Facebook page to recruit employees for Open Infra, Inc. Contrary to his claims of unemployment, Defendant appears to have been employed as an executive with the fiber optic company from at least September 2020.

11. The public record notes Defendant's period of employment with the fiber optic company continued after the Petition Date in this case. On June 4, 2021, Starlocalmedia.com reported that Defendant attended a Little Elm, Texas City Council meeting to update the council on the company's efforts to install a fiber optic system in Little Elm. The story referred to Defendant as the President and CEO of Open Infra, Inc. The public record indicates that, contrary to the statements Defendant made in his bankruptcy petition and schedules, that Defendant was employed prior to and after the Petition Date in this case.

12. At the first 341 meeting in this case, which was held on June 18, 2021, Defendant testified under oath that he consulted with Open Infra, Inc. through a company called Dacar, Inc. There remains no resolution concerning how the Defendant can be unemployed and both a consultant through Dacar, Inc. and a C-level employee for Open Infra, Inc. at the same time.

13. It is believed that Defendant has an ownership interest in Dacar, Inc. and Open Infra, Inc. With respect to Dacar, Inc., the company name is a combination of the first three letters of the Defendant's name, **Car**l, and the first two letters of the name of his wife, **Da**nia. Defendant has expertise in telecom consulting, which the company is engaged in, but Defendant's wife appears to lack expertise in the telecom field. With respect to Open Infra, Inc., the company's address, according to Texas Sec'y of State filings, is only a few miles from Defendant's residence, and Open Infra, Inc., like Dacar, Inc. and another of Defendant's

companies, Bionic Sport USA, Inc. all issued the same number of common shares at inception.

14. In addition to Defendant representing in his bankruptcy petition and/or schedules that he was unemployed when he was in fact employed as an executive at Open Infra, Inc., a consultant through Dacar, Inc, or both, it is suspected but not yet confirmed that Defendant has understated or misstated his income for 2020 and/or 2021, failed to disclose in his bankruptcy petition and schedules his ownership or equity interest in one or more companies, failed to disclose recent transfers of property to his wife and/or bank accounts owned or controlled by his wife, and failed to disclose recent transfers of property to companies that are owned by, controlled by, and/or affiliated with Defendant.

## VI.    FIRST CAUSE OF ACTION
(For Determination that Defendant's Debts are Not Dischargeable Pursuant to 11 USC § 727(a)(2))

15. Plaintiff Metro Woodward, LLC incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

16. Defendant, with intent to hinder, delay, or defraud a creditor, has transferred or concealed Defendant's property or has permitted Defendant's property to be transferred or concealed within one year before the Petition Date in Defendant's bankruptcy case.

17. By transferring or concealing his property or permitting his property to be concealed or transferred with the intent to hinder, delay, or defraud a creditor within one year of the Petition Date, Defendant has violated the provisions of 11 U.S.C. § 727(a)(2).

## VII.    SECOND CAUSE OF ACTION
(For Determination that Defendant's Debts are Not Dischargeable Pursuant to 11 USC § 727(a)(4))

18. Plaintiff Metro Woodward incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

19. Upon information and belief, Defendant knowingly and fraudulently made a false oath or account in this case or in connection with this case. The false oaths or accounts include, but may not be limited to, stating under oath in this case or in connection with this case that Defendant was unemployed and/or falsely stating Defendant's periods, if any, of unemployment.

20. By knowingly and fraudulently making a false oath or account in this case or in connection with this case, Defendant has violated 11 U.S.C. § 727(a)(4).

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Metro Woodward, LLC prays for entry of judgment against Defendant Carl G. Lofvander Ahslund as follows:

1. That the Court determine the debts of Defendant be ruled nondischargable because Defendant, with intent to hinder, delay, or defraud a creditor, transferred or concealed his property or permitted his property to be concealed or transferred within one year of filing Defendant's bankruptcy petition in this case in violation of 11 U.S.C. § 727(a)(2).

2. That the Court determine the debts of Defendant be ruled nondischargable because Defendant, made a false oath or account in this case or in connection with this case, in violation of 11 U.S.C. § 727(a)(4).

3. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable.

4. For costs of suit herein incurred.

5. For such other relief as this Court deems just and proper.

//

//

Dated: August 17, 2021.                                    Respectfully Submitted,

                                                                                */s/Pete Rowe*_____
                                                                                **Pete Rowe**
                                                                                State Bar No. 24072314
                                                                                pete.rowe.tx@gmail.com
                                                                                Law Office of Pete Rowe, P.C.
                                                                                P.O. Box 703256
                                                                                Dallas, Texas 75370
                                                                                Telephone (817) 637-3830
                                                                                Facsimile:  (972) 346-6783
                                                                                **ATTORNEY FOR PLAINTIFF**
                                                                                **METRO WOODWARD, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17h day of August 2021, I sent a true and correct copy of the above and foregoing *Adversarial Complaint Objecting to Entry of Discharge Pursuant to 11 USC 727(a)(2) and (4)* to the following parties by the following means:

(1)  Counsel for Debtor (*via e-service*):

   Mr. Mark S. Toronjo
   8150 N. Central Expressway, Ste. 975
   Dallas, TX 75206
   (469) 847-9440

(2)  Debtor Carl G. Lofvander Ahslund (via counsel above):

   Mr. Mark S. Toronjo
   8150 N. Central Expressway, Ste. 975
   Dallas, TX 75206
   (469) 847-9440

(3)  Parties requesting notice:

   Synchony Bank (via email)
   c/o PRA Receivables Management, LLC
   P.O. Box 41021
   Norfolk, VA 23541
   (877) 885-5919
   Claims_RMSC@PRAGroup.com

   Frisco ISD, Plano ISD (via email)
   Linda D. Reece
   Perdue, Brandon, Fielder, Collins, & Mott, LLP
   1919 S. Shiloh Rd., Suite 310, LB 40
   Garland, TX 75042
   (972) 278-8282
   lreece@pbfcm.com

   Denton County
   Tara LeDay
   McCreary, Veselka, Bragg, & Allen, PC
   P.O. Box 1269
   Round Rock, TX 78680
   (512) 323-3200
   tleday@mvbalaw.com

(4) The United States Trustee (by fax):

    United States Trustee's Office    *Via fax: (903) 590-1461*
    110 North College Avenue, Suite 300
    Tyler, Texas 75702-7231

(5) The Chapter 7 Trustee (by e-service):

    Mr. Mark A. Weisbart
    Law Office of Mark A. Weisbart
    12770 Coit Road, Ste. 541
    Dallas, TX 75251

*/s/ Pete Rowe*

_____

**PETE ROWE**